WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Gjergi Kol Mihilli,<br><br>                Defendant. | No. CR-12-01794-001-PHX-GMS<br><br>**AMENDED ORDER** |

      Pending before the Court are the Joint Motion by Victims/Third Parties Wells Fargo Bank, N.A. and Merchants Bank of California, N.A. for an Order Requiring Disclosure of Witness Statements and Documents, (Doc. 85), Response and Motion to Dismiss, (Doc. 92), and the Request for Oral Argument on that Motion, (Doc. 98). For the following reasons, the Joint Motion is denied without prejudice. That Request for Oral Argument is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir.1991). The Banks may bring their application for court-mandated relief only after exhausting the remedies described herein.

## BACKGROUND

      A grand jury indicted Gjergi Kol Mihilli and his two sons, Nikolas George Mihilli and Nino Joseph Mihilli, on charges of conspiracy, bank fraud, money laundering, and identity theft. (Doc. 1.) The Defendants allegedly issued fraudulent money orders using

equipment from Merchants Bank of California, N.A. ("Merchants") and then deposited the money orders into their account at Wells Fargo Bank, N.A. ("Wells Fargo"). Merchants would later withdraw the money from Defendants' accounts at Wells Fargo to pay for the money orders issued. (*Id.* at 4–5.) Before the scheme was detected, Defendants are estimated to have issued, used, and deposited $10,000,000 in fraudulent money orders. (*Id.* at 5.)

The Department of Homeland Security ("DHS") conducted an investigation in this case. Wells Fargo and Merchants (the "Banks") filed a joint motion as victims, asking the Court to order DHS to disclose records from that investigation. (Doc. 85.) In particular, the Banks are seeking disclosure of all 302 Reports covering DHS interviews with the Banks' current and former employees, and copies of all documents provided to DHS by the Banks. (*Id.* at 2.)

The U.S. Attorney's Office filed a Response and Motion to Dismiss Victims' Motion for Disclosure Order. (Doc. 92.) They agreed to voluntarily return all documents provided by the Banks but opposed the disclosure of the witness interview reports. (*Id.* at 1.) The Banks filed a Reply in Support of the Joint Motion, reasserting their request that the Court order the disclosure of the witness interview reports. (Doc. 95.)

## DISCUSSION

### I.     Disclosure

The only remaining issue is the disclosure of the witness interview reports. The U.S. Attorney's Office has voluntarily agreed to return the other documents provided by the Banks and, therefore, the request for an order compelling DHS to disclose the same records is dismissed as moot.

There are several potential sources from which the Banks could receive the interview reports: the DHS's original records, the copies Defendants received, or the copies the U.S. Attorney's Office obtained from DHS. The Court will address each possible source in turn.

### A.    DHS's Original Reports

First, the Banks could obtain the interview records directly from DHS. The disclosure of DHS records in litigation is covered by its *Touhy* regulations. 6 C.F.R. §§ 5.41–.49 (2013). These regulations provide the requirements for private parties making information requests and for courts issuing summons and subpoenas. *Id.* § 5.41. The regulations provide that all such requests must be addressed to the Office of the General Counsel and that any other employee should not accept or honor such requests. *Id.* § 5.43. DHS employees are specifically prohibited from producing documents "unless authorized to do so by the Office of the General Counsel or the delegates thereof, as appropriate." *Id.* § 5.44. The required contents of *Touhy* requests are spelled out, *id.* at § 5.45; as are the factors that DHS will consider in determining whether to comply, *id.* at § 5.48.

Here, the Banks can submit a *Touhy* request. The Banks indicate that they made a phone call and later sent a letter to the DHS agent involved. (Doc. 85 at 2:25–3:3.) Based on the Bank's description, this does not appear to have been a proper *Touhy* request, which must be made to the Office of General Counsel. Although the Court can apparently review a DHS refusal, it will not do so until the Banks have made a formal *Touhy* request and received an adverse final determination from DHS. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938) ("[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.").

### B.    Defendants' Copies

Second, the Banks could receive the interview records from the Defendants. The Banks indicate that the attorney for Nikolas and Nino Mihilli "refused" a request for the reports but go on to explain that "the reports will not be available until after sentencing." (Doc. 85 at 2:1–3.) Although this is a criminal action, the Banks are not parties to this action and they refer to a civil action they have apparently brought against the Defendants which is not before this Court.

Presumably in their civil action against the Defendants the Banks have recourse to the Federal or Arizona Rules of Civil Procedure to obtain relevant and discoverable documents. To the extent they wish to do so the Banks may seek such documents in the custody or control of the Defendants in their civil actions against them and to which they are parties, as opposed to in this criminal action in which they are not parties.

## C.   U.S. Attorney's Office's Copies

Finally, the Banks could receive the copies of the interview reports that the U.S. Attorney's Office used during the indictment and prosecution.[1] The Banks seek disclosure under Federal Rule of Criminal Procedure 6(e)(3)(E)(i). Rule 6 governs disclosure of information related to grand jury proceedings.

"[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings" and "courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). In order to "overcome the policy of grand jury secrecy," Courts generally require a showing of a particularized need before releasing information related to grand jury proceedings. *United States v. Nash*, 115 F.3d 1431, 1440 (9th Cir. 1997). If there are other avenues of obtaining the grand jury information sought, a court is within its discretion to find that there is no particularized need. *McAninch v. Wintermute*, 491 F.3d 759, 767 (8th Cir. 2007). For example, the district court in *McAninch* determined there was no particularized need because the party "admitted that the 'exact same testimony' could probably be obtained from the witness through deposition." *Id.*

Here, assuming without deciding that the Banks have standing and that the interview records are covered by Rule 6(e)(3)(E)(i), the Banks would still be required to demonstrate a particularized need. The Banks have no particularized need for access to the copies that may have been used in the grand jury because they can obtain the reports

---

[1] The Banks indicate that an Assistant U.S. Attorney at one point stated that the records were no longer in his possession. The U.S. Attorney's Office did not allege this as a reason for nondisclosure in its motion. The Court will assume that the U.S. Attorney's Office either has the records or has access to them.

- 4 -

through the other sources discussed in this order. Additionally, as in *McAninch*, the Banks could obtain the same information by deposing the witnesses, who are current and former bank employees. There is no need for the Court to consider whether to breach the veil of secrecy over the grand jury proceedings when multiple other avenues are available for obtaining this information.

Accordingly, the Court will not order disclosure of the interview records under Rule 6(e)(3)(E)(i) at this time.

**IT IS THEREFORE ORDERED** that the Joint Motion by Victims/Third Parties Wells Fargo Bank, N.A. and Merchants Bank of California, N.A. for an Order Requiring Disclosure of Witness Statements and Documents, (Doc. 85), is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Response/Motion to Dismiss Victims' Motion for a Disclosure Order (Doc. 92) is granted.

**IT IS FURTHER ORDERED** that the Request for Oral Argument Re Joint Motion, (Doc. 98), is **denied.**

Dated this 25th day of October, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge